**Thomas v. Lude**
*[Cite as 3 AOA 304]*

*Case No. 89AP-1502*
*Franklin County, (9th)*
*Decided May 31, 1990*

*George M. Sarap, for Appellants.*

*Judith A. Berman, Lane, Alton & Horst, and Philip R. Bradley, Bradley & Farris Co., L.P.A., for Appellee.*

HINES, J.

Plaintiffs appeal from a directed verdict in favor of defendant on plaintiff's complaint for dental malpractice. The common pleas court directed the verdict in favor of defendant following the exclusion of plaintiffs' expert testimony as incompetent under Evid. R. 601(D).

Plaintiffs, Bettye Jayne Thomas and Ronald E. Thomas, II, initiated this cause in July 1987 alleging dental malpractice on the part of defendant, Dr. John C. Lude. Plaintiffs alleged that Dr. Lude's treatment and care of Mrs. Thomas was negligent and resulted in certain injuries to her mouth and jaw, some of which were serious and permanent. Plaintiffs sought damages as a result of the alleged injuries.

The matter was for trial on November 29, 1989, at which time defendant moved the trial

court, pursuant to a motion *in limine*, to exclude the testimony of plaintiffs' expert witness for the reason that the expert was incompetent to testify pursuant to Evid. R. 601(D). Following a review of the transcript of the expert's videotaped deposition testimony, the trial court sustained defendant's motion *in limine* and ruled that plaintiffs' expert was incompetent under Evid. R. 601(D). Specifically, the trial court determined that the expert's deposition testimony failed to establish that the expert devoted over three-fourths of his professional time to the active clinical practice of dentistry or to its instruction in an accredited university. Since plaintiff has no other expert prepared to testify on the issue of defendant's liability, the trial court directed the verdict in favor of defendant.

Plaintiffs now appeal and set forth the following single assignment or error:

"The trial court erred in finding that defendant John C. Lude, D.D.S. was entitled to judgment as a matter of law."

Plaintiffs essentially contend that the trial court erred in excluding the expert testimony under Evid. R. 601(D) since that rule, by its terms, has no application to a dental malpractice claim. It is plaintiffs' position that because the rule refers to actions against physicians, podiatrists, or hospitals, and because a dentist is statutorily distinct from a physician, the rule of exclusion based on competency set forth in Evid. R. 601(D) has no application to their claim for dental malpractice.

Defendant counters these arguments by contending that Ohio courts have, with few exceptions, applied medical malpractice principles to claims involving dental malpractice. Given this conceptual identity of medical and dental malpractice claims, defendant argues that the trial court's construction of Evid. R. 601(D) is consistent with this general approach. As such, defendant concludes that the directed verdict in his favor was proper.

Evid. R. 601 provides in part:

"Every person is competent to be a witness except:

"* * *

"(D) A person giving expert testimony on the issue of liability in any claim asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care or treatment of any person, unless the person testifying is licensed to practice medicine and surgery, osteopathic medicine and surgery, or podiatric medicine and surgery by the state medical board or by the licensing authority of any state, and unless such person devotes three-fourths of his professional time to the active clinical practice in his field of licensure, or to its instruction in an accredited university."

Additionally, at the time this cause was initiated, R.C. 2305.11, which governs the limitations periods for bringing various actions, set forth the following definitions:

"(D) As used in this section:

"* * *

"(2) 'Physician' means all persons who are licensed to practice medicine and surgery or osteopathic medicine and surgery by the state medical board.

"(3) 'Medical claim' means any claim asserted in any civil action against a physician, podiatrist, or hospital arising our of the diagnosis, care, or treatment of any person.

"* * *

"(5) 'Dentist' means all persons licensed to practice dentistry by the state dental board.

"(6) 'Dental claim' means any claim asserted in any civil action against a dentist arising out of a dental operation or the dental diagnosis, care, or treatment of any person."

Given the language of both Evid. R. 601(D) and R.C. 2305.11(D), this court is compelled to conclude that the competency requirement imposed by Evid. R. 601(D) applies only to claims of liability in civil suits brought against physicians, podiatrists, or hospitals. Since a physician is statutorily distinct from a dentist for purposes of asserting such claims, there is no basis for this court to conclude that Evid. R. 601(D) renders plaintiffs' expert incompetent to testify as to defendant's liability for alleged dental malpractice. Evid. R. 601(D), as an exception to the general rule of competency and as promulgated by the Ohio Supreme Court and adopted by the General Assembly, quite specifically limits its scope to claims asserted against physicians, podiatrists, or hospitals. Any change defendant seeks in the scope of this rule should be addressed to either the Ohio Supreme Court or to the General Assembly. As presently written, Evid. R. 601(D) has no application to a dental malpractice claim asserted against a dentist.

Having found merit to plaintiffs' argument, their sole assignment of error is sustained. Accordingly, the judgment of the court of common please is reversed and this matter is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

STRAUSBAUGH and YOUNG, JJ., concur.

HINES, J., of the Holmes County Common Pleas Court, sitting by assignment in the Tenth Appellate District.